■ In the Matter of JURON & MINZNER, P.C. EDWARD S. MINZNER, Respondent; ALBERT A. JURON, Appellant. [756 NYS2d 439] —In a proceeding pursuant to Business Corporation Law article 11 to dissolve a professional corporation, Albert A. Juron appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Rudolph, J.) entered April 18, 2002, which, inter alia, denied his motion, among other things, to direct the petitioner to post an undertaking in the amount of $17,500.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this proceeding pursuant to Business Corporation Law article 11 to dissolve a professional corporation formed by Albert A. Juron and Edward S. Minzner, Juron contends that Minzner failed to adequately safeguard a corporate asset, i.e., an attorney's charging lien on settlement proceeds in a personal injury case. Juron moved, inter alia, to direct Minzner to post an undertaking in the amount of $17,500, representing Juron's half of the proposed legal fee owed. The undertaking was to be paid to Juron in the event that Minzner failed to perfect an appeal from the order dismissing the action to collect on the charging lien or if Minzner perfected the appeal but lost. In fact, Minzner settled the case for $7,500 and did not perfect an appeal from so much of the order as dismissed the action.

The Supreme Court properly refused to direct Minzner to post an undertaking in the amount of $17,500. Contrary to Juron's contentions, an appeal from the order dismissing the action to recover on the charging lien was rendered academic by Minzner's settlement with the insurance company for $7,500. Moreover, Juron failed to provide sufficient evidence from which the Supreme Court could have concluded that the $7,500 settlement did not represent fair compensation to the dissolved firm.

Further, in light of our determination in *Juron & Minzner v State Farm Ins. Co.* (303 AD2d 463 [2003] [decided herewith]), Juron's contention that Minzner alone should bear responsibility for a sanction imposed on the dissolved firm is academic.

Juron's remaining contention is without merit. Santucci, J.P., Krausman, Adams and Crane, JJ., concur.